**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CHARLOTTE L. FRANKLIN-SAMUELS, | Case No. 1:25-cv-49 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| BLUE RIDGE VISTA HOSPITAL, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") issued by the Magistrate Judge on March 6, 2025. (Doc. 6). Proper notice was given to Plaintiff Charlotte L. Franklin-Samuels (who proceeds pro se) under 28 U.S.C. § 636(b)(1)(C), including notice that she may forfeit rights on appeal if she failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Franklin-Samuels has filed what she terms an objection. (Doc. 7). But, as explained below, the Court will overrule her "objection" and adopt the R&R in full.

I.    <u>BACKGROUND</u>

The underlying hand-written complaint in this case is both scant and difficult to make out. Franklin-Samuels names as defendants Blue Ridge Vista Hospital, Summit Health Hospital, Glenwood Behavior Hospital, Beckett Spring Hospital, U.C. Ridgeway Tower Hospital, and Christ Hospital. (Doc. 5, PageID 45). She claims to "have been held hostage in every Mental Hospital and Institution against [her] wishes[.]" (*Id.*, PageID 47).

1

The "heavenly Father" has sent her "to live on earth[ ]" for "a purpose and reason. Mankind has tried every way but sho[o]t[ing] [her]. Lawyers, judges, family, But [she] thank[s her] God who loves [her] and Jesus Christ." (*Id.*). Franklin-Samuels makes sweeping reference to her confinement violating "the constitution of USA" without any specifics. (S*ee id.*). Equally unhelpful, she marks several seemingly unrelated codes on the civil cover sheet to describe the nature of her suit. (Doc. 1-2, PageID 8).

Upon screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge took judicial notice of the fact that *sua sponte* dismissal had been recommended in several other cases filed by Franklin-Samuels and that she recently had "picked up the pace" by initiating 20 new cases in a two-week period (between January 31 and February 11, 2025). (Doc. 6, PageID 53). Based upon her failure to meet basic pleading standards, or provide any basis for subject matter jurisdiction, the Magistrate Judge recommends (pursuant 28 U.S.C. § 1915(e)(2)(B)) that Franklin-Samuels' instant complaint be dismissed with prejudice as frivolous and for failure to state a claim.

II.    **LEGAL STANDARDS**

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.") (citing *Miller* & *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

## III.   ANALYSIS

Franklin-Samuels' "objection" is rambling and, much like her complaint, nearly indecipherable.

As best the Court can discern, Franklin-Samuels was transferred to Defendant Blue Ridge Vista Hospital (the first time) because a physician (at non-party Fort Hamilton Hughes Hospital) was upset by her loud "singing to the Lord Jesus Christ[.]" (Doc. 7, PageID 58). When said physician instructed a nurse to give her a "shot", Franklin-Samuels called her attorney's office, and a secretary advised that a court order would be necessary. (*Id.*). Having avoided the "shot", Franklin-Samuels then called "911" to report the practice of "black magic". (*Id.*, PageID 59). She landed at Blue Ridge Vista (a second time) after she told "officers" that her washcloth was missing and that her husband, who "does evil things for the Queen[,]" had been in her (U.C. hospital) room. (*Id.*, PageID 59–60). "They thought I was lying and crazy." (*Id.*, PageID 60). This prompted another call to her lawyer, who told Franklin-Samuels that she would be released after three days. (*Id.*).

3

That didn't happen, though, and she declined to be represented by the "drunk" lawyer who came to see her. (*Id.*, PageID 60–61). Franklin-Samuels also recounted "attack[ing]" a doctor "by pulling her hair" because said doctor laughed at her for asking why she wasn't allowed to eat the Thanksgiving meal her grandson brought her. (*Id.*, PageID 61). Someone, possibly the doctor, knocked Franklin-Samuels down the next day and she broke her hip. (*Id.*).

One thing (only) is clear: Franklin-Samuels fails completely to address the Magistrate Judge's legal reasoning or challenge the recommendation of dismissal. Thus, under *Cole*, *Miller*, *Spencer*, and *Howard*, she concomitantly has failed to object, requiring no further analysis by the undersigned district judge.

## IV.    CONCLUSION

The Court **OVERRULES** Franklin-Samuels' objection, (Doc. 7), and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R, (Doc. 6), in full. Plaintiff's complaint, (Doc. 1-1), is **DISMISSED with prejudice** (pursuant to 28 U.S.C. §§ 1915(e)(2)(B)), because it is frivolous and fails to state a claim upon which relief may be granted. Furthermore, in consideration of her record of litigation and Magistrate Judge Bowman's memorandum order (issued February 12, 2025) in *Franklin v. J.C. Battle Funeral Home*, No. 1:25-cv-52, (Doc. 7), Franklin-Samuels is **FORMALLY WARNED** that she is **HIGHLY LIKELY** to be deemed to be a **VEXATIOUS LITIGANT**, subject to prefiling restrictions, if she persists in filing additional cases that are factually and legally frivolous or fail to state a claim for relief under screening standards. Finally, the Court **CERTIFIES** that an appeal

of this order would not be taken in good faith and **DENIES** leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3)(A).[1]

       **IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT

---

[1] Pursuant to Fed. R. App. P. 24(a)(5), Franklin-Samuels—a non-prisoner—remains free to apply to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).